Daigle v. Friendly Ice Cream Corp.    CV-96-225-SD 10/30/97

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF NEW HAMPSHIRE**

Richard Daigle

    v.                                    Civil No. 96-225-SD

Friendly Ice Cream Corp.

**O R D E R**

This case, brought under the Americans with Disabilities Act (ADA), arose from the eviction of plaintiff Richard Daigle from a Friendly's Restaurant allegedly due to his disability. Before the court at this time is defendant Friendly Ice Cream Corporation's motion for summary judgment.

Background

Plaintiff claims the following facts.  On May 4, 1993, he was inside the Friendly's Restaurant and had just received a drink when the manager approached him and stated that he was no longer welcome in any Friendly's Restaurant.  The plaintiff voluntarily left.

Some time later, plaintiff received a "No Trespass Notice" from defendant stating:  "You were advised that you were no longer welcome as a customer of any Friendly's Restaurant, and that any attempt by you to enter a Friendly's Restaurant will be

deemed a trespass!"  Complaint at 2.

Plaintiff claims that Friendly's denied him services because of his physical disability, corneal abrasion, described by plaintiff as a condition in which the clear part of the eye is no longer in place to protect the nerves of the eye.  Plaintiff claims that the defendant's actions are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. (ADA).

## Discussion

Friendly's seeks summary judgment on the ground that the federal statutes under which plaintiff brings his claim do not authorize the monetary relief sought by plaintiff.  Plaintiff brings his claim under Title III of the ADA, which provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  The remedies for private individuals under Title III are those set forth in 42 U.S.C. § 2000a-3(a).  See 42 U.S.C. § 12188 (a)(1) ("The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to

2

discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title."). Section 2000a-3(a) provides:

> Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved . . . .

Courts have held that section 2000a-3(a) does not permit monetary damages. Newman v. Piggie Park Enterprises, 390 U.S. 400, 401-02 (1968); Mayberry v. Von Valtier, 843 F. Supp. 1160, 1167 (E.D. Mich. 1994); Aikens v. St. Helena Hosp., 843 F. Supp. 1329 (N.D. Cal. 1994). Since plaintiff seeks only monetary relief, which is not permitted under Title III of the ADA, summary judgment in favor of defendants is appropriate.

## Conclusion

Friendly's motion for summary judgment must be and herewith is granted.

**SO ORDERED.**

—————————————————————
Shane Devine, Senior Judge
United States District Court

October 30, 1997

3

cc:    Richard Daigle, pro se
       Gregory A. Moffett, Esq.